ACCEPTED
15-25-00086-Cv
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/8/2026 2:51 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00086-CV
IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT OF TEXAS
AT AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/8/2026 2:51:08 PM
CHRISTOPHER A. PRINE
Clerk

_____

CITY OF GRAND PRAIRIE, CITY OF ALEDO, CITY OF ANGLETON, CITY OF AUBREY, CITY OF BULVERDE, CITY OF CLYDE, CITY OF COLLEGE STATION, CITY OF CRANDALL, CITY OF DENISON, CITY OF DENTON, CITY OF EDCOUCH, CITY OF ELSA, CITY OF FATE, CITY OF HUTTO, CITY OF KAUFMAN, CITY OF LA VILLA, CITY OF LOCKHART, CITY OF MCKINNEY, CITY OF NAVASOTA, CITY OF PARKER, CITY OF VAN ALSTYNE, AND AUBREY MUNICIPAL DEVELOPMENT DISTRICT

*Appellants – Plaintiffs*

CITY OF ANNA, CITY OF BONHAM, CITY OF BROWNSVILE, AND CITY OF CIBOLO

*Appellants – Intervenor Plaintiffs*

2020 LONG TAIL TRAIL INVESTMENTS, LLC
*Appellant – Intervenor Defendant*

v.

THE STATE OF TEXAS, ATTORNEY GENERAL KENNETH PAXTON, IN HIS OFFICIAL CAPACITY, ACTING TEXAS COMPTROLLER OF PUBLIC ACCOUNTS KELLY HANCOCK, IN HIS OFFICIAL CAPACITY, AND THE OFFICE OF THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS

*Appellees – Defendants*

_____

REPLY BRIEF OF APPELLANTS – INTERVENOR PLAINTIFFS CITY OF ANNA
AND CITY OF BONHAM

_____

**Wolfe, Tidwell & McCoy, LLP**
David Overcash
David.overcash@wtmlaw.net
SBN 24075516
Clark McCoy
2591 Dallas Parkway, Suite 300
Frisco, Texas 75034
972.712.3530 telephone
972.712.3540 facsimile

**ORAL ARGUMENT
REQUESTED**

i

# IDENTITY OF PARTIES AND COUNSEL[1]

**Appellants:**          **City of Anna, Texas**
*Plaintiff-Intervenor in court below*

**City of Bonham, Texas**
*Plaintiff-Intervenor in court below*

**Appellants' Counsel:**     **Wolfe, Tidwell & McCoy, LLP**

David Overcash
David.overcash@wtmlaw.net
SBN 24075516
Clark McCoy
SBN 90001803
2591 Dallas Parkway, Suite 300
Frisco, Texas 75034
972.712.3530 telephone
972.712.3540 facsimile

**Other Appellants:**       **City of Grand Prairie, City of Aledo, City of Angleton, City of Aubrey, City of Bulverde, City of Clyde, City of College Station, City of Crandall, City of Denison, City of Denton, City of Edcouch, City of Elsa, City of Fate, City of Hutto, City of Kaufman, City of La Villa, City of Lockhart, City of McKinney, City of Navasota, City of Parker, City of Van Alstyne, Aubrey Municipal Development District**
*Original Plaintiffs in court below*

**Other Appellants' Counsel: Messer, Fort, PLLC**

Timothy A. Dunn
William Andrew Messer
andy@txmunicipallaw.com

---

[1] Defendant-Intervenor 2020 Long Tail Trail Investments, LLC has been dismissed from this suit by order of the court dated December 29, 2025.

Bradford E. Bullock
Arturo D. Rodriguez
6371 Preston Rd Ste 200
Frisco, Texas 75034
972.668.6400 telephone
972.668.6414 facsimile

**Additional Appellants:** **City of Brownsville, City of Cibolo**
*Plaintiff-intervenors in court below, joined in original plaintiff filings on appeal*

**Counsel: Messer, Fort, PLLC**

William Andrew Messer
andy@txmunicipallaw.com
Bradford E. Bullock
Arturo D. Rodriguez
6371 Preston Rd Ste 200
Frisco, Texas 75034
972.668.6400 telephone
972.668.6414 facsimile

*<in court below, also appeared for Brownsville the following attorneys>*

*Staff Counsel*, being:
Lena Chaisson-Munoz
Jennifer Avendano
Guillermo S. "Will" Trevino

*<in court below, also appeared for Cibolo the following attorneys>*

**Hyde Kelley LLP**
George E. Hyde
Matthew L. Weston

| | |
|---|---|
| **Appellees:** | **State of Texas, Attorney General Kenneth Paxton (in his official capacity), Acting Texas Comptroller of Public Accounts Kelly Hancock (in his official capacity)[2], and the Office of the Texas Comptroller of Public Accounts** |
| **Appellees' Counsel:** | **Office of the Texas Attorney General** |
| | Lynn Saarinen |
| | Lynn.saarinen@oag.texas.gov |
| | General Litigation Division |
| | P.O. Box 12548, Capitol Station |
| | Austin, Texas 78711-2548 |
| | 512-936-1309 telephone |
| | 512-320-0667 facsimile |

---

[2] As replacing former Texas Comptroller Glenn Hegar.

# Table of Contents

**IDENTITY OF PARTIES AND COUNSEL** ..................................................... ii

**INDEX OF AUTHORITIES** .......................................................................... vi

**REPLY ARGUMENT** .................................................................................. 1

    I.  Incorporation of Co-Appellant Reply Brief ............................................. 1

    II. Comment on Standard of Review ......................................................... 1

    III. Reply Argument Re: Repleading. ......................................................... 2

    IV. Reply Argument Re: Anna's Motion to Modify Judgment .................... 5

**PRAYER** .................................................................................................... 7

**CERTIFICATE OF SERVICE** ..................................................................... 8

**CERTIFICATE OF COMPLIANCE** ............................................................. 8

# INDEX OF AUTHORITIES

**Cases**

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)

................................................................................................1

*Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (2007) ......3, 4, 5

*Thomas v. Long*, 207 S.W.3d 334 (Tex. 2006)..........................................2

## REPLY ARGUMENT

### I.     Incorporation of Co-Appellant Reply Brief

Other appellant parties in this case will file a reply brief addressing the issues common to all municipalities appearing in the suit. In the interests of judicial economy, Anna and Bonham incorporate by reference herein all of the arguments, facts, and authority presented in the reply brief(s) filed by the City of Grand Prairie, *et al.* ("GP Group"), as if set forth herein in full, save and except those aspects of said briefs which are unique, specific, or limited to municipalities other than Anna or Bonham. This is intended to include, but not necessarily be limited to, incorporation of arguments presented by the GP Group in reply to Sections I through IV (inclusive) of the Appellees' brief filed November 14, 2025 ("Appellees' Brief").[3]

### II.     Comment on Standard of Review

Only where the pleadings affirmatively negate the existence of jurisdiction may a plea to the jurisdiction be granted without allowing the plaintiff an opportunity to amend.[4] If a petition contains multiple claims, it should not be dismissed just because the court lacks jurisdiction over some

---

[3] Anna and Bonham can supply additional detail or supplemental briefing regarding the incorporation of content of reply argument upon request.

[4]  *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

of them.[5] Appellees state in their brief that "[t]he amended [plea to the jurisdiction] was not to challenge the Cities' [GP Group] or Intervenor Appellants' claims. The amended [plea] was for the purpose of determining if the trial court had subject matter jurisdiction."[6] While Appellees are entitled to describe the "purpose" of their filing as they see fit, Texas jurisprudence such as *Thomas* calls for courts to assess subject matter jurisdiction on a claim-by-claim basis.[7]

### III.　Reply Argument Re: Repleading.

Appellees' Brief asserts, without citation, that Anna and Bonham's "pleadings alone demonstrated that the jurisdictional defects could not be cured."[8] In the absence of express findings of fact or conclusions of law from the court below which identify what—if any—jurisdictional defect exists with respect to Anna or Bonham's live pleadings, this self-serving conclusory statement must be rejected. Further, Appellees fail to explain why the purported jurisdictional defects in Anna and/or Bonham's pleadings cannot be cured by amendment.[9] Instead, Appellees appear to rely on an contention

---

[5]  *See generally Thomas v. Long*, 207 S.W.3d 334 (Tex. 2006).

[6] Appellees' Brief at Sec. V, Issue 1, item (2)(p. 72).

[7] *See generally Thomas*.

[8] Appellees' Brief at Sec. V, Issue 1, preamble (p. 70).

[9] *See generally* Appellees' Brief.

within their filings below that lacks any legal citation—that Anna and Bonham have a burden to "*demonstrate* that they can cure any jurisdictional defect in their pleadings to salvage their claims against *the State of Texas*."[10]

First, Anna and Bonham note that the assertion above is specific to one appellee (State of Texas), but there are additional parties-defendant in this suit: the Texas Attorney General, the Texas Comptroller of Public Accounts, and the Office of the Texas Comptroller of Public Accounts. Appellees have failed to explain why jurisdictional defect arguments specific to the State of Texas should be applied to other parties.

Second, Appellees improperly seek to entirely "flip the burden" relating to amendment of pleadings to address jurisdictional defects. Stated most simply: to the extent such any burden falls on the plaintiffs/appellants in this context, Anna and Bonham would "demonstrate" their ability to cure jurisdictional defects *by amending their pleadings*. As explained in *Koseoglu* (cited by Appellees' Brief at p. 70) and other cases, only jurisdictional evidence and the pleadings themselves are to be considered in ruling on a plea to the jurisdiction.[11] It is unclear what mechanism Appellees would

---

[10] 20 CR 4725 (italics added).

[11] *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (2007); *see also County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

contend Anna and Bonham should have used to "demonstrate" the ability to cure "defects" or jurisdictional challenges which had not yet been found to have any merit in the trial court. Further, Appellees have not at any point identified content of Anna's or Bonham's pleadings which would preclude demonstrating jurisdiction through amendment—nor has any appellee or defendant produced even a scintilla of jurisdictional evidence sufficient to render all potential pleading amendments entirely futile.

This Court should also reject the Appellees' attempt to prematurely conclude the case under theories already rejected by the Texas Supreme Court. Appellees contend that Anna and Bonham "had an opportunity to replead", and note that both of them elected to amend their live pleadings *prior to the decision* on the plea to the jurisdiction in the court below, and contend that should deny any further amendment.[12] The *Koseoglu* court assessed whether or not a plaintiff should be considered to have "a reasonable opportunity to amend" pleadings prior to the trial court finding *merit* in the jurisdictional plea from the defendant, and in pertinent part the Texas Supreme Court's opinion states:

> Thus, the court of appeals concluded, [plaintiff] has not been given a reasonable opportunity to amend his pleadings because the trial court never found merit in [defendant's] jurisdictional plea . . . On this point, we generally agree with the court of appeals. [Defendant's] proposed

---

[12] *See* Appellees' Brief at Sec. IV, Issue 1, preamble (p. 70).

rule would essentially allow governmental entities the unjust advantage of being not only a litigant, but also the judge of the plaintiff's pleadings . . . we agree that [plaintiff] deserves the opportunity to amend his pleadings[.][13]

Even if this Court were to find the trial court came to the correct conclusion regarding whether the live pleadings of Anna or Bonham established subject matter jurisdiction, they are entitled to a reasonable opportunity to amend their pleadings *after* there is a decision issued which finds merit in the plea to the jurisdiction—*i.e.,* until it is established by the court that there are any defects to be cured. Ideally, one would hope that the course of proceedings would allow such defects to be identified with particularity so they can be meaningfully addressed in an amended pleading (*i.e.,* if standing was at issue—what *component* of standing?) rather than in generic rulings which leave everyone to speculate as to what purported defect would justify dismissal.

## IV. Reply Argument Re: Anna's Motion to Modify Judgment

As noted in prior briefing and the Appellee's Brief, the City of Anna filed a motion under Texas Rule of Civil Procedure 329b and alternative relief, which was pending at the time the court below closed the entire case.[14] Appellees dispute the accuracy of Anna's discovery

---

[13] *Koseoglu* at 839-840.

[14] 41 CR 9153; *see also* Appellees' Brief at Sec. V, Issue 2, point 2 (p. 74).

5

of *evidence* that a state agency—the Texas Commission on Environmental Quality ("TCEQ")—had issued official documents and taken regulatory actions that enforced SB 2038's removal provisions with respect to a petitioner creating a municipal utility district ("MUD") partially located in Anna's extraterritorial jurisdiction.[15] Confusingly, despite Anna's provision of documents reflecting that TCEQ had declared the land at issue was not within the ETJ of any municipality when considering the petition for creation of the MUD, Appellees present only a true-but-immaterial statement that the property owner had submitted a petition for release from Anna's ETJ which was denied.[16]

Entirely unaddressed is any consideration of whether Anna's denial of the ETJ-release-petition may have been entirely justified, if not required—by the requirements of SB 2038 itself, or on the basis of denial of municipal consent required for any ETJ reduction per former Texas Government Code § 42.023, or on any of the various constitutional challenges presented in the instant suit. Petitions are not

---

[15] *See* 41 CR 9159-94 (Exhibit 1 to Anna's TRCP 329b motion). Various highlighted passages warrant special attention with respect to TCEQ activity. *See* 41 CR 9162 (TCEQ published notice of petition for MUD, dated Dec. 4, 2024); 9166 (TCEQ order of Feb. 27, 2025); and 9175-76 (TCEQ memo of Feb. 6, 2025)

[16] *See* Appellees' Brief at p. 74.

sufficient to release property from ETJ unless they meet certain requisites. TCEQ effectively declared that the land at issue was entirely outside all municipal ETJ and denied Anna the benefit of the conditions for its approval of the MUD creation. It is unknown as of this writing whether TCEQ had actual knowledge that the landowner had submitted an ETJ-release-petition that Anna had denied, but the net effect of the agency's actions constitute enforcement of SB 2038's release provisions. Anna should be provided an opportunity to amend its pleadings for joinder of additional parties prior to closure of the entire case in light of these undisputed facts regarding TCEQ enforcement of SB 2038.

## PRAYER

Anna and Bonham respectfully request that this Court reverse the judgment of the trial court embodied by the Apr. 14 Order, and either render judgment denying the Appellees' pleas to the jurisdiction in their entirety or in part, and/or remand the case to the court below for further proceedings including resolution of pending motions, and to provide Anna, Bonham, and other plaintiffs with a meaningful opportunity to amend their pleadings.

Respectfully Submitted,

/s/ David Overcash
David Overcash

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of Appellants' Reply Brief, via the Court's CM/ECF system on January 8, 2026.

/s/ David Overcash
David Overcash

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains less than 3000 words, as determined by the computer software's word-count function, excluding the sections of the documents listed in Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ David Overcash
David Overcash

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Crystal Adams on behalf of David Overcash
Bar No. 24075516
cadams@wtmlaw.net
Envelope ID: 109826750
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Reply Brief of Appellants
Status as of 1/8/2026 2:59 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jennifer Holt | | jennifer.holt@oag.texas.gov | 1/8/2026 2:51:08 PM | SENT |
| Allison Collins | 24127467 | Acollins@fosterswift.com | 1/8/2026 2:51:08 PM | SENT |
| Lena Chaisson-Munoz | | lena.munoz@brownsvilletx.gov | 1/8/2026 2:51:08 PM | SENT |
| Cole Wilson | | Cole.Wilson@oag.texas.gov | 1/8/2026 2:51:08 PM | SENT |
| Tristan AGarza | | tristan.garza@oag.texas.gov | 1/8/2026 2:51:08 PM | SENT |
| Lynn Saarinen | | lynn.saarinen@oag.texas.gov | 1/8/2026 2:51:08 PM | SENT |
| Will S.Trevino | | will.trevino@brownsvilletx.gov | 1/8/2026 2:51:08 PM | SENT |
| Sherry Brown | | sherry@txmunicipallaw.com | 1/8/2026 2:51:08 PM | SENT |
| Andy Messer | | andy@txmunicipallaw.com | 1/8/2026 2:51:08 PM | SENT |
| Brad Bullock | | brad@txmunicipallaw.com | 1/8/2026 2:51:08 PM | SENT |
| Timothy Dunn | | Taddunn@txmunicipallaw.com | 1/8/2026 2:51:08 PM | SENT |
| Todd Disher | | todd@lehotskykeller.com | 1/8/2026 2:51:08 PM | SENT |
| William Thompson | | will@lkcfirm.com | 1/8/2026 2:51:08 PM | SENT |
| Cole Wilson | | cole.wilson@oag.texas.gov | 1/8/2026 2:51:08 PM | SENT |
| Guillermo Trevino | | will.trevino@brownsvilletx.gov | 1/8/2026 2:51:08 PM | SENT |
| Lena Chaisson-Munoz | | lena.munoz@brownsvilletx.gov | 1/8/2026 2:51:08 PM | SENT |
| George Hyde | | ghyde@txlocalgovlaw.com | 1/8/2026 2:51:08 PM | SENT |
| Matthew Weston | | mweston@txlocalgovlaw.com | 1/8/2026 2:51:08 PM | SENT |
| David Overcash | | david.overcash@wtmlaw.net | 1/8/2026 2:51:08 PM | SENT |
| Clark McCoy | | cmccoy@wtmlaw.net | 1/8/2026 2:51:08 PM | SENT |